**BERZ**

v.

**OHIO DEPARTMENT OF HIGHWAY SAFETY,
DIVISION OF HIGHWAY PATROL**

Court of Claims of Ohio.

No. 90–09291.

Decided March 6, 1992.

*James M. Wiles, William B. Benson* and *James R. Nein,* for plaintiff.

*Lee Fisher,* Attorney General, *Michael W. Gleespen* and *John P. Reichley,* Assistant Attorneys General, for defendant.

RUSSELL LEACH, JUDGE.

Shortly after 7:00 p.m. on November 29, 1988, plaintiff, Shauna K. Berz was driving her Pontiac Fiero north on S.R. 125 intending to turn west on S.R. 68 to

go to a Pizza Hut. With her was her boyfriend, Danny Wilson. The single northward lane of S.R. 125 separates into a left turn only lane and a through lane just south of the S.R. 125-S.R. 68 intersection.

At this same time, Trooper Michael Davis of the Ohio State Highway Patrol was driving north on S.R. 125. He was responding to a personal injury accident north of the aforesaid intersection, had his red lights flashing, and was driving in excess of seventy-five miles per hour. Davis testified that his siren was operating, but such matter was hotly disputed by plaintiff.

Wilson, and then Berz, saw the red flashing lights approaching them from the rear. As Berz moved her car to the right, and before she got off the roadway, her car was struck in the right rear by the front left of the patrol car. All occupants of both cars were injured and evacuated to medical facilities.

Berz filed this action seeking damages from defendant, Ohio State Highway Patrol, for the injuries she sustained in this accident. The matter came on for trial regarding the issue of liability on November 14, 1991, and the trial was concluded on December 2, 1991. Because of illness and conflicting schedules, final arguments were not heard until February 28, 1992.

In the pleadings, and at the trial, Berz contended that: (a) Davis was exceeding the speed limit, since he was not driving with his siren, thus violating R.C. 4511.21; (b) he was not driving with due care with regard to the safety of others in violation of R.C. 4511.24 and other statutes regulating the use of emergency vehicles; and (c) the aforesaid acts of negligence were the sole, proximate cause of her injuries.

Defendant contended that: (a) Davis' siren was in operation, and thus he was not in violation of R.C. 4511.21; (b) Davis was exercising due care for the safety of others using the highway; and (c) the sole proximate cause of Berz's injuries was her own negligence in changing lanes without safety in violation of R.C. 4511.33(A), and by violating other sections of R.C. Chapter 4511.

It is a given that the party that needs a particular finding has the burden of proof on that issue. Even assuming that Davis' siren was operating, the court has little difficulty in finding that plaintiff has met her burden in proving that Davis was not operating with due care and that such conduct was a proximate cause of the injury. Defendant, in the judgment of the court, proved that Berz did change lanes without safety and that such was a contributing, proximate cause of her injuries. This determination under R.C. 4511.33(A) admittedly requires a finding that Berz's Fiero was at some time entirely within the left turn only lane. Again, such finding is disputed by plaintiff, but the court so finds by a preponderance of the evidence. Further, such finding is not required because R.C. 4511.39 prohibits a movement right or left until it can be made with safety

and Berz was moving to the right before she ascertained that such movement could be made with safety. The court thus finds that Berz's injuries were caused by the negligence of both herself and Davis.

The law does not seem to place the burden of proof on either party respecting the degree of comparative negligence. Or, one might say that plaintiff has the burden of showing how little her negligence affected the injuries, whereas defendant has the burden of proving how much (particularly over fifty percent) plaintiff's negligence affected the result. The court believes that the finder of fact, in the absence of arbitrariness or capriciousness, has the discretion to determine the degree of negligence of the respective parties. Other than common sense or native logic, we know of no standards to use in such appraisal.

Weighing the negligence of one knowing that a car is approaching from the rear with flashing lights, having some degree of ability to judge its relative speed, and having the ability to stay in the left turn lane or even making a left turn, instead moving to the right against the negligence of one who would enter a dangerous intersection such as this at the speed driven by Davis, results in this court's judgment that we have a draw. Considering those matters only, the court would conclude that each is fifty percent responsible for plaintiff's injuries.

On the other hand, we would conclude that had the siren been in operation, Berz would be principally responsible for her own injuries. The reverse would also be true; had Davis not been operating his siren, his degree of responsibility would be increased. While eight witnesses, including Berz and Wilson, heard no siren, any or all of them could have so testified honestly because other sound interfered with their hearing, they were not paying attention, etc. On the other hand, Davis, who testified that the siren was in use until he turned it off after the impact, could be mistaken. In analyzing this testimony, the court believes that all nine witnesses were telling the truth as they believed it to be. The court, however, finds the issue to be in equipoise and finds that neither party has met its burden on the issue. The court makes no finding respecting the issue of whether or not the siren was in operation, but finds that defendant is liable for one half of the damage sustained by plaintiff.

Berz, throughout the trial, relied on R.C. 4511.45 to support her position that her movement to the right was mandated by such statute. We do not agree with such contention. In the first place, if Davis' siren had not been operating, the statute placed *no* obligation on Berz. Further, had the siren been operating, a fact denied by Berz, her *first* obligation would have been to "yield the right of way" *before* "[driving] to a position parallel to * * * the right edge * * * of the highway." This she did not do.

The cause will be rescheduled as soon as possible but at the convenience of the parties to determine the issue of damages and then to grant the appropriate judgment for plaintiff.

*So ordered.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.